IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10919
Conference Calendar
_____


MOSES JOE MEJIA,

                                    Plaintiff-Appellant,

versus

RUSTY HERNDON, Detective;
RUSSELL SMITH, Chief of Police,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:99-CV-73-BG
--------------------
February 13, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Moses Mejia, Texas inmate #792983, appeals from the

dismissal of his civil rights complaint by the magistrate judge,

who entered final judgment pursuant to 28 U.S.C. § 636(c).

     Mejia argues that his conviction is based on false evidence

and that Herndon and Smith violated his constitutional rights,

which led to his guilty-plea conviction.  Mejia wants damages and

the expungement of his conviction.  To the extent that Mejia

requests the expungement of his conviction, his sole federal

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

remedy is through a petition for the writ of habeas corpus.  See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973).  As correctly determined by the magistrate judge, Mejia's complaint, if successful, necessarily would call into question the validity of his conviction for aggravated assault.  To the extent that Mejia seeks damages under 42 U.S.C. § 1983 for his alleged unconstitutional conviction, his civil rights claim has yet to arise, until he demonstrates that his conviction has been overturned or called into question.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Mejia fails to challenge the magistrate judge's determination concerning the claims against Smith in his supervisory capacity.  Consequently, that issue is deemed abandoned on appeal.  See Yohey v. Collins, 980 F.2d 222, 224-25 (5th Cir. 1993).

This appeal is without arguable merit and is therefore frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The appeal is DISMISSED as frivolous.  See 5TH CIR. R. 42.2.  IT IS ALSO ORDERED that all pending motions are DENIED.

This court's dismissal counts as Mejia's second strike pursuant to 28 U.S.C. § 1915(g); the first strike arising from the dismissal in the district court.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  If Mejia accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Mejia is cautioned to review

any pending appeals to ensure that they do not raise frivolous issues.

APPEAL DISMISSED; SANCTION WARNING ISSUED.